ROB BONTA
Attorney General of California
R. MATTHEW WISE
JOHN D. ECHEVERRIA
Supervising Deputy Attorneys General
KEVIN L. QUADE
Deputy Attorney General
State Bar No. 285197
 1300 I Street, Suite 125
 P.O. Box 944255
 Sacramento, CA 94244-2550
 Telephone: (916) 210-7693
 Fax: (916) 324-8835
 E-mail: Kevin.Quade@doj.ca.gov
*Attorneys for Defendant Attorney General Rob Bonta*

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **GARY R. SANCHEZ,** <br><br> Plaintiff, <br><br> v. <br><br> **ROB BONTA, in his official capacity as Attorney General of the State of California,** <br><br> Defendant. | 24-cv-767-RSH-MSB <br><br> **DECLARATION OF KEVIN L. QUADE IN SUPPORT OF DEFENDANT'S EX PARTE MOTION TO EXTEND RESPONSIVE PLEADING DEADLINE** <br><br> Courtroom: 3B <br> Judge: The Honorable Robert S. Huie <br><br> Action Filed: April 29, 2024 |

I, Kevin L. Quade declare:

1. I am an attorney licensed to practice before all the courts of the State of California and am a Deputy Attorney General employed by the Office of the Attorney General, counsel of record for Defendant Rob Bonta, in his official capacity as Attorney General of California, in this matter.

2. This declaration supports Defendant's ex parte motion for an order extending the deadline for Defendant to file a response to the Complaint.

1

3. Defendant has not previously sought an extension of the responsive pleading deadline in this matter.

4. Defendant was served with the Complaint on May 2, 2024.

5. I was assigned to represent Defendant in this matter on May 7, 2024. Since that assignment, I have spent substantial time evaluating the law that applies to Plaintiff's claim and discussing the matter internally with my supervisors and chain of command.

6. Defendant has determined that a motion to dismiss pursuant to Rule 12(b)(6) is appropriate in this matter, but additional time beyond the current May 23, 2024 deadline is needed to allow our office to formulate the specific arguments that can be made in that motion, collect the various relevant historical evidence for judicial notice purposes, draft the actual motion and ancillaries documents, have those documents reviewed and approved at the various levels of our office's executive chain of command, and file those documents with the Court.

7. On May 13, 2024, I emailed Plaintiff, who is representing himself in this matter, to arrange a telephonic meet and confer to discuss both an extension of the responsive pleading deadline and a potential motion to dismiss. Plaintiff expressed a willingness to participate in a phone call, but stated that he wanted any call recorded and to be provided a recording. Apart from this request, Plaintiff stated that he would not agree to an extension of the responsive pleading deadline and would oppose any motion to dismiss. In a follow-up exchange, Plaintiff again demanded that any phone call be recorded and stated that he would not participate in a phone without such recording. Since I was unable to record the proposed call, I suggested and Plaintiff agreed that we finalize our meet and confer over email. As to the responsive pleading deadline, I explained that, although the decision remained his, it was common for attorneys to stipulate to a request for these types of extensions as a matter of professional courtesy. Plaintiff responded that he wished to move his case forward as quickly as possible and maintained that he

2

Declaration of Kevin L. Quade in Support of Defendant's Ex Parte Motion to Extend Responsive Pleading Deadline (24-cv-767-RSH-MSB)

would not agree to a stipulated extension request. I then informed Plaintiff that I would be filing an ex parte application for an order extending the response deadline. Plaintiff responded that he would prepare and file an opposition. A true and correct copy of this email exchange is attached hereto as Exhibit 1.the laws of the United States that the foregoing is true and correct.

      Executed in Sacramento, California on May 15, 2024.

By: _____
      Kevin L. Quade

3

Declaration of Kevin L. Quade in Support of Defendant's Ex Parte Motion to Extend Responsive Pleading Deadline (24-cv-767-RSH-MSB)

# Exhibit 1

| | |
|---|---|
| **From:** | Gary Sanchez |
| **To:** | Kevin Quade |
| **Cc:** | Matthew Wise |
| **Subject:** | Re: Sanchez v. Bonta (24-cv-767) |
| **Date:** | Monday, May 13, 2024 11:48:11 AM |
| **Attachments:** | image001.png |

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Mr Quade,

I will begin preparing my opposition to your ex parte application to extend the response deadline.

I am not receiving ECF emails as I am not enrolled in the application and would need to request permission from the court. I appreciate the courtesy of copies sent to this email, there is no better address for service than what you have listed in your email.

Best
- Gary Sanchez

On Mon, May 13, 2024 at 11:36 AM Kevin Quade <Kevin.Quade@doj.ca.gov> wrote:

> Got it. Thank you for the response.
>
> Since we feel we need some more time to put together our motion, we'll be filing what's called an *ex parte* application to extend the response deadline by 30 days. These are basically requests for the court to do something (here, extend our deadline) when relief is needed without a hearing and on a shorter timeline. I'll note in our application that we've had this email discussion and you oppose the requested extension.
>
> I'm not sure if you are receiving automatic (ECF) emails from the court when documents are filed, but since you seem to check this email pretty regularly, I'll plan to send you courtesy copies of documents we file at this address, in addition to ordinary mail service at your address (5941 Rio Valle Dr, Bonsall, CA 92003). Please let me know if there's a better address for service.
>
> Thank you
>
> Kevin
>
> **From:** Gary Sanchez <gary.r.sanchez@gmail.com>
> **Sent:** Monday, May 13, 2024 11:14 AM
> **To:** Kevin Quade <Kevin.Quade@doj.ca.gov>
> **Subject:** Re: Sanchez v. Bonta (24-cv-767)
>
> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Mr Quade,

I am uncomfortable taking the call without a recording so I will respond to your questions below.

On my intent to file an opposition to your motion I have nothing else to add.

On the matter of the extension to respond: I am not an attorney and I wish to move forward with the case as quickly as possible. I do not believe the state will find any additional information that can not be found in the record of other court filings regarding the Second Amendment post-Bruen including any historical analyses.

Best

- Gary Sanchez

On Mon, May 13, 2024 at 10:44 AM Kevin Quade <Kevin.Quade@doj.ca.gov> wrote:

> I understand. We do not record these types of telephonic case conferences and that's not something I'm able to do. If you're uncomfortable taking a call without a recording, we can conference the issues I outlined below via email.
>
> On the motion to dismiss that we intend to file, I understand that you disagree with our view of the case and plan to file an opposition. Is there anything else you wish to add to your comments below?
>
> On the extension of the responsive pleading deadline, I understand that you are unwilling to agree to a 30-day extension. I'll just note that these types of extensions are often agreed to by the attorneys as a matter of courtesy and, while it always remains the ultimate decision of a party as to whether to agree, courts typically appreciate parties extending each other these types of professional courtesies. With that in mind, are you sure I can't convince you to agree to the 30-day extension?
>
> Thank you!
>
> Kevin

**From:** Gary Sanchez <gary.r.sanchez@gmail.com>
**Sent:** Monday, May 13, 2024 10:20 AM
**To:** Kevin Quade <Kevin.Quade@doj.ca.gov>
**Cc:** Matthew Wise <Matthew.Wise@doj.ca.gov>
**Subject:** Re: Sanchez v. Bonta (24-cv-767)

**EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.

Not a problem! We can do 10:45, I have set my phone to block unknown callers so I will need to know the number you are calling from beforehand. That is the best number to reach me, can you confirm that you will be able to provide me with a copy of the call recording? I will not take the call if I do not receive confirmation.

Best

- Gary Sanchez

On Mon, May 13, 2024 at 10:17 AM Kevin Quade <Kevin.Quade@doj.ca.gov> wrote:

> Thank you for your quick response. Are you available at 10:45 this morning? I can give you a call. Is the best number to reach you (323) 979-2905?
>
> **From:** Gary Sanchez <gary.r.sanchez@gmail.com>
> **Sent:** Monday, May 13, 2024 9:29 AM
> **To:** Kevin Quade <Kevin.Quade@doj.ca.gov>
> **Cc:** Matthew Wise <Matthew.Wise@doj.ca.gov>
> **Subject:** Re: Sanchez v. Bonta (24-cv-767)
>
> **EXTERNAL EMAIL:** This message was sent from outside DOJ. Please do not click links or open attachments that appear suspicious.
>
> Good morning Mr Quade,
>
> I will let you choose the time for a phone call since you are probably more busy than I am, I only require a copy of the recording for my records. Regarding the extension I will not agree.
>
> In regards to your intent to file a motion to dismiss: The states position is incorrect and I will file an opposition to the states motion.

I look forward to defeating the state in court :)

- Gary Sanchez

On Mon, May 13, 2024 at 9:16 AM Kevin Quade <Kevin.Quade@doj.ca.gov> wrote:

> Good morning Mr. Sanchez – I've been assigned to represent Attorney General Bonta in this matter. I'm reaching out to schedule a time for a phone call to discuss a couple of items. In particular, I want discuss whether you would agree to a 30-day extension of the deadline for our response to complaint. That would extend our deadline to June 22, 2024. If you agree, I would draft what's called a "joint motion," which basically just tells the court that the parties have agreed to request that the court extend the deadline.
>
> The other point I want to discuss is what we'll actually be filing in response to your complaint. Our intent is to file a motion to dismiss and the court typically wants the party moving to dismiss to discuss with the plaintiff the grounds for the motion and to get the plaintiff's position on the motion before it is filed. In our view, a motion to dismiss is appropriate here because possession/use of silencers is not covered under the plain text of the Second Amendment and, thus, is not presumptively constitutionally protected activity. In addition, we think that California's ban on silencers fits within the nation's history and tradition of regulation on certain firearms accessories.
>
> Please let me know what time works for a call and we'll plan to connect. Thank you!
>
> Kevin
>
> 
>
> **KEVIN L. QUADE**
>
> *Deputy Attorney General*
>
> Government Law Section
>
> Office of the Attorney General | Department of Justice | State of California
>
> 1300 I Street, Sacramento, California 95814
>
> T. 916.210.7693

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.

CONFIDENTIALITY NOTICE: This communication with its contents may contain confidential and/or legally privileged information. It is solely for the use of the intended recipient(s). Unauthorized interception, review, use or disclosure is prohibited and may violate applicable laws including the Electronic Communications Privacy Act. If you are not the intended recipient, please contact the sender and destroy all copies of the communication.