GARY R SANCHEZ
5941 RIO VALLE DR
BONSALL, CA 92003
(323)979-2905
gary.r.sanchez@gmail.com

FILED
JUN 28 2024
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GARY R SANCHEZ | Case No.: 24-cv-767-RSH-MSB |
| Plaintiff, | **PLAINTIFF'S OPPOSITION TO** |
| vs. | **DEFENDANT'S MOTION TO DISMISS** |
| ROB BONTA, in his official capacity as Attorney General of the State of California | |
| Defendant. | |

Plaintiff Gary R. Sanchez files this Opposition to Defendant's Motion to Dismiss.

## DISCUSSION

Plaintiffs Motion to Dismiss and accompanying Memorandum of Points and Authorities misses the mark on whether Silencers ("Suppressors") constitute bearable arms and are thus presumptively protected by the Second Amendment.

**1. Silencers are presumptively protected by the Second Amendment**

"When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct". *Bruen*, 597 U.S. at 8. The conduct in question being the ability to purchase and bear an arm which is "in common use for lawful purposes". *Heller*, 554 U.S. at 571. See Exhibit A (BATF Freedom of Information Act request #2024-00802).

**2. Silencers are "Arms"**

Because Silencers can be used in both defensive situations (such as shooting would be attackers from a protective & hidden position while retaining the ability to hear what is going on in your surroundings) and offensive situations (returning fire with reduced recoil and muzzle flash thus improving marksmanship). Silencers fit the definition of an "Arm".

**3. Silencers are not "Dangerous *and* Unusual"**

Silencers today are "in common use for lawful purposes". *Heller*, 554 U.S. at 571. Defense attempts to mislead the court with an incorrect reading of Heller regarding the "common use" test. See Exhibit A which reports that there are 3,493,765 lawfully owned Silencers in the United States. The common use test put forward in *Caetano v. Massachusetts* 577 U.S. at 411. "the pertinent Second Amendment inquiry is whether stun guns are commonly possessed by law-abiding citizens for lawful purposes today". *Caetano*, 577

U.S. at 420. Now replace [stun guns] with Silencers, in *Caetano* the threshold was set at "200,000". *Caetano*, 577 U.S. at 420. Therefore because there are well over 200,000 Silencers possessed by law-abiding citizens for lawful purposes not only are they covered by the text of the Second Amendment but they are also not Unusual.

**4. California's Prohibition on Silencers Is Not Consistent with this Nations History and Tradition of Firearms Regulation.**

Defendant's do not point to any "relevantly similar" historical regulation which would allow prohibition of Silencers. *Bruen* lays out a historical analysis framework which specifies the time frame in which we should look for relevant restrictions "Constitutional rights are enshrined with the scope they were understood to have when the people adopted them." *Heller*, 554 U.S. at 634-635. The time frame we should be looking toward then should be from around 1791 and 1868, "The Second Amendment was adopted in 1791; the Fourteenth 1868. Historical Evidence that long predates or post-dates either time may not illuminate the scope of the right." *Bruen*, 597 U.S. at 4. therefore we can simply throw out all the Defendants evidence from before and after that time frame. That leaves only laws which do not have a single iota of relevancy to the prohibition in question here. Discussion of each applicable law follows:

**4a. 1837 Ala. Acts 7, No. 11, § 2** deals with the tax on the transfer or purchase of Bowie Knives but does not bar their possession. This law is not analogous to California Penal Code § 33410 which bars its possession completely.

**4b. 1868 Fla. Stat. Ch 1637 reprinted in Blount et al., The Revised Statutes of the State of Florida 783, tit. 2, art. 5, § 2425 (1892).** This statue bars manufacture and sale of a slung-shot or metallic knuckles but does not bar its possession or purchase/import from another state as California Penal Code § 33410 does for Silencers.

**4c. 1837 Ga. Acts 90, § 1.** Outright bans many weapons and would not in itself have survived constitutional muster as in its own text it mentions "arms of offence or defence" which this court should find requires the items in the statute be covered by the plain text of the Second Amendment.

**4d. 1855 Ky. Acts 96, Chapter 636, § 1.** Again deals with "colts, brass knuckles, slung-shots, or any imitation or substitute thereof" which are not analogous to Silencers in any way.

**4e. 1850 Mass. Gen. Stat. ch. 194, § 2.** Once again deals with "any instrument or weapon of the kind usually known as slung shot" which is not analogous to Silencers.

**4f. An Act to Describe, Apprehend and Punish Disorderly Persons § 2 (1799).** Does not apply to law-abiding citizens only to someone "with an intent to break and enter into any dwelling-house or out-house" or "with intent to assault any person" or "with an intent to steal any goods or chattels". Therefore this law can not be used to justify a complete ban on law-abiding citizens.

1    **4g. 1849 N.Y. Laws 403-404, Chapter 278, §§ 1-2.** Bars the sale or manufacture of slung shots but does not bar the possession or purchase/import from another state. Again this law is not analogous to a complete ban on Silencers.

**4h. 1788-1801 Ohio Laws 321, 323.** A law to prohibit carrying of a "dangerous weapon" while committing a burglary. This law does not affect law-abiding citizens and there for cannot be applied as analogous.

**4i. 1837-1838 Tenn. Pub. Act 200, ch. 137, § 1.** Bars only sale of a "Bowie knife or knives, or Arkansas tooth picks" but does not bar possession, purchase or import(from another state), or manufacture. This law is not analogous.

**4j. 1849 Vt. Acts & Resolves 26, No. 36, §§ 1-2.** Deals with prohibition on possession, manufacture, carry, and sale of "slung shot" but once again this epic reach for an analogy with regards to Silencers falls flat, Silencers are nothing like a "slung shot".

## SUMMARY

"Just as the First Amendment protects modern forms of communications, and the Fourth Amendment applies to modern forms of search; the Second Amendment extends, prima facie, to all instruments that constitute bearable arms, even those that were not in existence at the time of the founding." *Heller*, 554 U.S. at 582. "Thus, even though the Second Amendment's definition of 'arms' is fixed according to its historical understanding, that general definition covers modern instruments that facilitate armed self-defense." *Bruen*, 597 U.S. at 19. These two previous quotes show that the text of the Second Amendment to not only apply to 'arms' by its

historical understanding but also items that make up (constitute) those 'arms' and instruments that facilitate, as Silencers do, armed self-defense.

**CONCLUSION**

For the reasons stated above, the Defendant's Motion should be denied.

Dated this 27 day of June, 2024           By _____
                                              Gary Sanchez